## No. 28099

**Colorado River Water Conservation District v. Bar Forty Seven Co., Applicant, and Ralph Kelling, Division Engineer, Water Division 4**

(579 P.2d 636)

Decided June 5, 1978.

Delaney and Balcomb, Scott Balcomb, for appellant.

Russell, Angelo and Wright, Robert E. Wright, Jr., for appellee Bar Forty Seven Co.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, for appellee Ralph Kelling, Division Engineer.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an appeal from the refusal of a water judge to give effect to a stipulation of the parties. We find the judge's action arbitrary and capricious, and reverse.

On December 28, 1976, the applicant, Bar Forty Seven Co., filed an application in the water court for change of its rights in the Marston Ditch.[1] The water of the Marston Ditch was adjudicated many years ago for irrigation purposes with a priority number and date of 110, September 14, 1906. The applicant, being a developer of a subdivision, sought to change the point of diversion for some of its water to fourteen separate wells to be drilled in the future and to change the use of the water from such wells to year-around domestic, lawn and garden use. The Colorado River Water Conservation District (here called the "district") filed a statement of opposition.

Thereafter, on September 1, 1977, the referee of the water court entered findings and a ruling. While it is apparent from the findings that the referee intended the change of use to be for domestic, lawn and gardening purposes, the ruling specified the use as, "Irrigation, lawn and garden purposes." The ruling permitted the requested changes as to point of diversion and provided for a conditional decree as to a certain amount of water for each well with the same priority date as decreed for the Marston Ditch.

The ruling further provided:

"[T]he applicant shall be allowed to submit proof of no adverse affect to other appropriators at any time up to and until this conditional water right is made absolute."

---

[1] Its point of diversion is on the East River, a tributary of the Gunnison River in Gunnison County.

On September 22, 1977, the district filed a protest to the referee's ruling. Thereafter, the applicant and the district entered into a stipulation, which was filed with the water court on December 8, 1977. By this document the parties stipulated as follows:

"1. That the parties hereto consent to entry of the ruling of water referee dated September 1, 1977, and to the entry of a conditional decree by the Division 4 Water Court under the terms and conditions stated in said ruling of water referee, both subject to the exceptions noted herein.

"2. That said ruling, and any decree entered subsequent thereto in this matter, should be amended to provide that the type of use of the water in question be domestic, lawn and garden purposes.

"3. That said ruling, and any decree entered subsequent thereto in this matter, shall provide that the water the subject hereof shall have its original priority date as decreed under priority No. 110 on September 14, 1906 during the normal irrigation season, which for the purposes hereof, is stipulated to be from May 1 through October 1 of each year. During the months of October 1 through May 1, the priority shall be as of the calendar year during which the subject application was filed. In the event the normal irrigation season for the area for which the subject water is decreed should ever be judicially determined to be other than as set forth herein, in that event the priorities above set forth shall be subject to said judicial determination.

"4. That said ruling, and any decree entered subsequent thereto in this matter, shall provide that the applicant shall be allowed to submit proof of actual adverse effect on other appropriators at any time, and to make application to the Water Court for Water Division 4 to modify any decree entered herein to the extent required to reflect the actual adverse effect on other appropriators; provided, however, that the applicant shall serve the objector with any and all pleadings pursuant to said application in the same manner as prescribed by Rule 5, Colorado Rules of Civil Procedure."

Later, the water judge appended the following to the referee's ruling of September 1, 1977:

"No protest was filed in this matter. The foregoing ruling is confirmed and approved, and is made the Judgment and Decree of this court.
Dated: *2-2-78*
*/s/Fred Calhoun*
Water Judge"

On February 7, 1978 the district filed a motion requesting the water court to alter or amend its judgment so that it would reflect the terms and conditions of the stipulation. On February 9, 1978 the applicant consented to the request contained in the motion. On the following day the water judge denied the motion, making the following findings:

"That the Statute sets forth the provisions for the entry of a Decree in a water adjudication; that no where, to the Court's knowledge, do the Statutes provide that counsel can stipulate to the form of a Decree and force the Judge to enter a Decree in accordance with a stipulation; that the same ends of legality, justice, and administration would be achieved by the parties to this action by recording a copy of the Stipulation in the office of the County Clerk and Recorder wherein this Decree exists, thereby giving notice to all of the Stipulators and further, causing the Stipulation to become a part of the record of the applicants' real estate and giving notice to all subsequent owners of such Stipulation and notice to the Water Engineer of the Stipulation; that the Motion to Alter or Amend Judgment should be denied."

In this appeal the applicant agrees with the position of the district. The division engineer has made no appearance.

■ It was error to find that the purpose of the stipulation could be achieved by recording it in the office of the county clerk and recorder. Under the Water Right Determination and Administration Act of 1969 (sections 37-92-101 *et seq.,* C.R.S. 1973 and particularly section 37-92-301(3)), administration of water rights in this state is under water court decrees, not stipulations.

■ The remainder of the court's findings is to the effect, "I cannot be forced to enter a decree in accordance with a stipulation." As a general proposition, this is a correct statement. A court, however, has a duty, once litigants have agreed to settle their differences, either to adopt the settlement or to state solid reasons why it should not and does not do so. This stipulation was formulated to achieve the following:

"1. To recognize the jurisdiction of the referee and the water court in the entry of their rulings;

"2. To correct the referee's error in not including a change of use to domestic use;

"3. To protect the holders of decreed rights during the non-irrigation season; and

"4. To express the thought of the parties as to the applicant's rights in the future to submit proof of adverse effect on other appropriators."

■ Without thereby making any ruling as to the matter mentioned in paragraph number 4, it is apparent that under the stipulation the referee's error would be corrected, the rights of decreed appropriators better protected and other beneficial results would obtain. Absent a good reason for not doing so, the court's action in denying the motion to amend was erroneous, arbitrary and capricious.

The water court is directed either to enter a decree incorporating the provisions of the stipulation or to enter an order refusing to do so after a hearing. Such an order must be supported by reasons other than assigned thus far.

Judgment reversed and cause remanded with directions as stated.